IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JAMES M. CRUNK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 01-2573 Ml/V |
| | ) |
| ATNG, INC., TAG CHONG ("TEDDY") | ) |
| KIM, and ELVIS ROBERT GATES, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

_____

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER OF INVOLUNTARY
DISMISSAL AS TO DEFENDANT ELVIS ROBERT GATES**
_____

    Before the Court is Plaintiff's Motion to Vacate the Court's September 29, 2005 Order of Involuntary Dismissal as to Defendant Elvis Robert Gates, filed December 16, 2005. Former Defendant Elvis Robert Gates responded in opposition on January 6, 2006. For the following reasons, Plaintiff's motion is DENIED.

    Plaintiff moves for relief under Fed. R. Civ. P. 60(b)(1) and 60(b)(6). Determinations under Fed. R. Civ. P. 60(b) are with the sound discretion of the court. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980); Jacobs v. DeShetler, 465 F.2d 840, 843 (6th Cir. 1972). The moving party bears the burden of proving that it is entitled to relief. Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir. 1957). While "Rule 60(b) motions must be applied in a manner to achieve substantial justice", Lowndes v. Global Marine Drilling Co., 909 F.2d 818,

820 (5th Cir. 1990), "[t]he diligent party should be protected from delay and uncertainty", Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., 837 F.2d 423, 427 (10th Cir. 1988).

Rule 60(b)(1) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  The Sixth Circuit has explained that "a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002)(citing Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000)(affirming district court's denial of relief under Rule 60(b)(1) where plaintiffs could not show that they failed to file a substantive response to summary judgment motion as a result of excusable neglect)).

The Court has reviewed Plaintiff's contentions and finds that Plaintiff is not entitled to relief under Rule 60(b)(1). Plaintiff failed to file an amended complaint as required by the Court's Order Setting Discovery and Trial Schedule, entered June 24, 2005.  Plaintiff contends that he believed that his submission of an amended complaint was not required but was merely optional.  However, counsel's misinterpretation of the court order and tactical decision not to file an amended complaint do not warrant relief.  "Neither strategic

2

miscalculation nor counsel's misinterpretation of the law warrants relief from judgment [under Rule 60(b)(1)]." McCurry v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 593 (6th Cir. 2002)(citation omitted).

Plaintiff also contends that his counsel never received former Defendant Gates' Motion for Involuntary Dismissal. However, Plaintiff's failure to file a correct address with the Court does not justify relief under Rule 60(b)(1). See LR 83.1(b)(3) (noting that attorney admitted pro hac vice is required to keep the clerk advised of a current address).

Nor is Plaintiff entitled to relief under Rule 60(b)(6). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)(emphasis in original)(citing Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989)).  Additionally, a party may "not avail himself of the broad 'any other reason' clause of 60(b)" if the motion is based upon grounds specified in 60(b)(1). Klapprott v. United States, 335 U.S. 601, 613 (1949); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988). Plaintiff's contentions fall squarely within the meaning of 60(b)(1) and thus cannot be reconsidered under 60(b)(6).

Plaintiff has failed to establish that he is entitled to

relief under Fed. R. Civ. P. 60(b).[1]  Accordingly, Plaintiff's motion to vacate the order of involuntary dismissal is DENIED.

So ORDERED this 13th day of January, 2006.

                          /s/ Jon P. McCalla
                          JON P. McCALLA
                          UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff has failed to prosecute this case.  This case has been pending since 2001.  The case was stayed pending a bankruptcy proceeding against Defendant ATNG, which was dismissed on May 24, 2004.  However, Plaintiff did not move to vacate the order of stay until April 8, 2005, almost a full year later.  Since the Court lifted the stay in May 2005, Plaintiff's only activity in this suit has been to participate in a status conference and to file the instant motion.